UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ERICH M. SORRENTINO,

                          Plaintiff,                          5:09-CV-0591
v.                                                            (GTS/RFT)

BARR LABORATORIES, INC.,

                          Defendant,
_____

APPEARANCES:                                    OF COUNSEL:

ERICH M. SORRENTINO
   Plaintiff, *Pro Se*
24 Garden Lane
Durham, NH 03824

PORZIO BROMBERG & NEWMAN P.C.                   KENNETH R. MEYER, ESQ.
   Counsel for Defendant
156 West 56th Street, Suite 2002
New York, NY 10019-3800

HON. GLENN T. SUDDABY, United States District Court Judge

## DECISION and ORDER

Currently before the Court in this products liability action, filed by Erich Sorrentino in

his capacity as executor of the estate of his mother ("Plaintiff"), is a motion to dismiss for failure

to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), filed by Barr Laboratories, Inc.

("Defendant").  (Dkt. No. 12.)  Plaintiff has not opposed the motion.  For the reasons set forth

below, Defendant's motion is granted and Plaintiff's Complaint is dismissed in its entirety.

## I.     BACKGROUND

### A.     Plaintiff's Claims

Generally, liberally construed, Plaintiff's Complaint alleges that Defendant manufactured the medication fluoxentine, which caused or contributed to the death of his mother, Angela E. Sorrentino. (*See generally* Dkt. No. 1.)  More specifically, Plaintiff alleges that his father, Bernard J. Sorrentino, was prescribed the antidepressant fluoxentine on or about March 1, 2002, because he was suffering from depression and stress due to the fact that his wife, Angela, was considering leaving him.  (*Id*. at 4.)[1]  Plaintiff further alleges that, sixteen days later, while under the influence of the drug, Plaintiff's father stabbed Angela, who died two hours later.  (*Id*.) Finally, Plaintiff alleges that fluoxetine is a "mind-altering" drug that may "cause suicide or violence in some people[,]" and Defendant either knew or should have known of this fact.  (*Id*. at 5-6.)  Based on these factual allegations, Plaintiff asserts against Defendant claims of negligence, breach warranty, defective design, failure to warn, and improper marketing practices.  (*Id*. at 6-7.)  Familiarity with the remaining factual allegations supporting these claims in Plaintiff's Complaint is assumed in this Decision and Order, which is intended primarily for review by the parties.  (*Id*.)

### B.     Defendants' Motion

Defendant filed its motion to dismiss on August 28, 2009.  (Dkt. No. 12.)  Generally, in support of its motion, Defendant argues that Plaintiff's claims are time-barred pursuant to New

---

[1]      The Court notes that fluoxetine hydrochloride, the generic version of the name-brand medication Prozac, is a medication prescribed for the treatment of depression, obsessive-compulsive disorders, and/or panic disorders.  *The PDR Pocket Guide to Prescription Drugs* at 1187-93 (8th ed. Pocket Books 2008).

2

York Estates, Powers & Trusts Law § 5-4.1.  (*See generally* id., Attach. 3 [Def.'s Memo. of Law].)  Plaintiff was notified twice that his response to Defendant's motion was due on September 14, 2009.  (*See* Docket Sheet Entry dated 08/28/2009; Text Notice filed 09/14/2009.)[2] Despite this notice, during the more than eight months that have passed since the filing of Defendant's motion, Plaintiff failed to file either a response to Defendant's motion or a request for an extension of time in which to file such response.  (*See generally* Docket Sheet.)

## II.    RELEVANT LEGAL STANDARDS

### A.    Legal Standard Governing Motions to Dismiss for Failure to State a Claim

"A motion to dismiss on the basis that an action is barred by the statute of limitations is analyzed under Federal Rule of Civil Procedure 12(b)(6), not 12(b)(1)."  *Garner v. DII Indus., LLC*, 08-CV-6191, 2010 WL 456801, at *1 (W.D.N.Y. Feb. 4, 2010) (citing *Ghartey v. St John's Queens Hosp.*, 869 F.2d 160, 162 [2d Cir. 1989]).

It has long been understood that a defendant may base a motion to dismiss for failure to state a claim on either or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim.  *Jackson v. Onondaga County*, 549 F. Supp.2d 204, 211, nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review) [citations omitted].

With regard to the first ground, Fed. R. Civ. P. 8(a)(2) requires that a pleading contain "a short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ.

---

[2]      The Court notes that, on June 2, 2009, Plaintiff was sent a copy of the Northern District's *Pro Se* Handbook.  (Dkt. No. 6.)  The Handbook advised Plaintiff of the nature of Defendant's motion and his duty to respond to that motion.  U.S. District Court for the N.D.N.Y. *Pro Se* Handbook, at 37-41, 43-44 http://www.nynd.uscourts.gov/documents/ProSeHandbook 2008.pdf [last visited May 3, 2010].

P. 8(a)(2) [emphasis added].  By requiring this "showing," Fed. R. Civ. P. 8(a)(2) requires that

the pleading contain a short and plain statement that "give[s] the defendant *fair notice* of what

the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp.2d at 212,

n.17 [citations omitted].  The main purpose of this rule is to "facilitate a proper decision on the

merits." *Rusyniak v. Gensini,* 629 F. Supp.2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.)

[citations omitted].

The Supreme Court has long characterized this pleading requirement under Fed. R. Civ.

P. 8(a)(2) as "simplified" and "liberal," and has repeatedly rejected judicially established

pleading requirements that exceed this liberal requirement.  *Jackson*, 549 F. Supp.2d at 212, n.20

[citations omitted].  However, even this liberal notice pleading standard "has its limits."  *Id.* at

212, n.21 [citations omitted].  As a result, numerous Supreme Court and Second Circuit

decisions exist holding that a pleading has failed to meet this liberal notice pleading standard.

*Id.* at 213, n.22 [citations omitted]; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corporation v. Twombly*, the Supreme Court reversed an

appellate decision holding that a complaint had stated an actionable antitrust claim under 15

U.S.C. § 1.  *Bell Atlantic Corporation v. Twombly*, 127 S. Ct. 1955 (2007).  In doing so, the

Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46

(1957), that "a complaint should not be dismissed for failure to state a claim unless it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69.  Rather than turning on the *conceivability*

of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility*

of an actionable claim.  *Id.* at 1965-74.  The Court explained that, while this does not mean that a

pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 1965 [citations omitted].  More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true.  *Id*. [citations omitted].

As have other Circuits, the Second Circuit has recognized that the clarified plausibility standard that was articulated by the Supreme Court in *Twombly* governs *all* claims, including claims brought by *pro se* litigants (although the plausibility of those claims is to be assessed generously, in light of the special solicitude normally afforded *pro se* litigants).[3]  It should be emphasized that Fed. R. Civ. P. 8's plausibility standard, explained in *Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which (when reviewing a *pro se* pleading) the Court stated, "*Specific* facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2).  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) [citation omitted; emphasis added].  That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in *Twombly*–that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim.  *Twombly*, 127 S. Ct. 1965, n.3 (citing *Conley*, 355 U.S. at 47) [emphasis added].  That statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever.  Clearly, there must still be enough fact set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative

---

[3]        *Rusyniak,* 629 F. Supp.2d at 214 & n.34 [citations omitted].

level to a plausible level.[4]

As the Supreme Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Ashcroft*, 129 S.Ct. at 1950 [internal quotation marks and citations omitted].   Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 1949 [citations omitted].   Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. (internal citations and alterations omitted).

Finally, in reviewing a complaint for dismissal under Fed. R. Civ. P. 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor.  This standard is applied with even greater force where the plaintiff alleges civil rights violations and/or where the complaint is submitted *pro se*.  However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

---

[4]     *Rusyniak,* 629 F. Supp.2d at 214 & n.35 (explaining holding in *Erickson*) [citations omitted].

Moreover, while the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12.[5]  Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow.[6]  Stated more simply, when a plaintiff is proceeding *pro se*, "all normal rules of pleading are not absolutely suspended." *Jackson*, 549 F. Supp.2d at 214, n.28 [citations omitted].

### B.      Applicable Limitation Period Governing Plaintiff's Claims

The relevant statute of limitations for wrongful death is found in Section 5-4.1 of the New York Estates, Powers and Trusts Law, which provides, *inter alia*, that a wrongful death action must be commenced by a personal representative of decedent within two years of the date of decedent's death.  N.Y. Est. Powers & Trusts § 5-4.1 (McKinney 1999 & Supp.2005).  In addition, "[t]he infancy of a decedent's child may not be employed to toll the applicable limitations period where some other person who is not under legal disability is available to act as the decedent's representative." *Barrett v. State of New York*, 560 N.Y.S.2d 302, 306 (N.Y. App. Div. 2d Dept. 1990) [emphasis and citations omitted].[7]

---

[5]      *See Vega v. Artus,* 610 F. Supp.2d 185, 196 & nn.8-9 (N.D.N.Y. 2009) (Suddaby, J.) [citing cases].

[6]      *See Vega,* 610 F. Supp.2d at 196, n.10 [citing cases].

[7]      *See also Ratka v. St. Francis Hosp.*, 44 N.Y.2d 604, 608 (N.Y. 1978) (holding that the statute of limitations was not tolled due to the infancy of the eventual administrator at the time of decedent's death, because "there existed, at the time of decedent's death, next of kin who were under no disability to receive letters of administration" during the two-year period) [citation omitted]; *Bonilla v. Abbott*, 493 N.Y.S.2d 592, 594 (NY App. Div., 2d Dept. 1985)

## III.    ANALYSIS

As an initial matter, the Court notes that, where a non-movant has willfully failed to respond to a movant's properly filed and facially meritorious memorandum of law (submitted in support of its motion to dismiss), the non-movant is deemed to have "consented" to the legal arguments contained in that memorandum of law under Local Rule 7.1(b)(3).[8]  Stated another way, where a movant has properly filed a memorandum of law (in support of a properly filed motion to dismiss), and the non-movant has failed to respond to that memorandum of law, the only remaining issue is whether the legal arguments advanced in the movant's memorandum of law are *facially meritorious*.[9]  A movant's burden in making legal arguments that are facially

---

("[T]he disabilities of decedent's infant children may not be invoked to toll the two-year period of limitations . . . [because] [t]he right to bring a wrongful death action is not vested in the statutory distributees but is given to the administrator of the decedent for their benefit . . . . Because plaintiff . . . was eligible and able to act as administrator, the toll for infancy . . . could not properly be applied to suspend the running of the two-year period of limitations . . . .  The period of limitations . . . runs from the date of the decedent's death and not from the appointment of a legal or personal representative.") [citations omitted]; *McDonald v. McDonald*, 565 N.Y.S.2d 693, 695 (N.Y. Sup. Ct., Kings County 1991) ("[A]s long as 'some other person' . . . 'is available,' the statute of limitations begins to run from the date of decedent's death regardless of the child's infancy or whether or not someone was actually appointed to administer the estate.").

[8]      *See, e.g.*, *Beers v. GMC*, 97-CV-0482, 1999 U.S. Dist. LEXIS 12285, at *27-31 (N.D.N.Y. March 17, 1999) (McCurn, J.) (deeming plaintiff's failure, in his opposition papers, to oppose several arguments by defendants in their motion for summary judgment as consent by plaintiff to the granting of summary judgment for defendants with regard to the claims that the arguments regarded, under Local Rule 7.1[b][3]; *Devito v. Smithkline Beecham Corp.*, 02-CV-0745, 2004 WL 3691343, at *3 (N.D.N.Y. Nov. 29, 2004) (McCurn, J.) (deeming plaintiff's failure to respond to "aspect" of defendant's motion to exclude expert testimony as "a concession by plaintiff that the court should exclude [the expert's] testimony" on that ground).

[9]      *Hernandez v. Nash*, 00-CV-1564, 2003 U.S. Dist. LEXIS 16258, at *7-8 (N.D.N.Y. Sept. 10, 2003) (Sharpe, M.J.) [citations omitted]; *accord*, *Topliff v. Wal-Mart Stores East LP*, 04-CV-0297, 2007 U.S. Dist. LEXIS 20533, at *28 & n.43 (N.D.N.Y. March 22, 2007) (Lowe, M.J.); *Sledge v. Kooi*, 04-CV-1311, 2007 U.S. Dist. LEXIS 26583, at *28-29 & n.40 (N.D.N.Y. Feb. 12, 2007), *adopted by* 2007 U.S. Dist. LEXIS 22458 (N.D.N.Y. March 28, 2007)

meritorious has appropriately been characterized as "modest."[10]

Here, the Court finds that Defendant has met this modest burden, for the reasons stated in their memorandum of law.  (Dkt. No. 12, Attach. 3.)  In any event, even if the Court were subject Defendant's motion to the level of scrutiny appropriate for contested motions, the Court would find that Defendant's motion in supported by a showing of cause.

On or about March 16, 2002, Plaintiff's mother died.  (Dkt. No. 1 at 4.)  At the time, Plaintiff's legal status was that of an infant, having been born at some time in 1987.  (*Id.* at 2-4.)  At some point between March 16, 2002, and December 21, 2004, Plaintiff's grandmother, Alta E. Vero, was appointed representative of Plaintiff's mother's estate.  (*Id.* at 1-2.)[11]  In or around

---

(McAvoy, J.); *Kele v. Pelkey*, 03-CV-0170, 2006 U.S. Dist. LEXIS 95065, at *5 & n.2 (N.D.N.Y. Dec. 19, 2006), *adopted by* 2007 U.S. Dist. LEXIS 4336 (N.D.N.Y. Jan. 22, 2007) (Kahn, J.).

[10]     *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as this Rule requires shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause is shown."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1 n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (citing cases that stand for the proposition that, where plaintiffs do not respond to defendants' argument made in their summary judgment motion, plaintiffs are deemed to have consented to defendants' argument, and thus defendants must only satisfy their "modest threshold burden" of demonstrating entitlement to the relief requested in their motion for summary judgment); *accord, Cossey v. David*, 04-CV-1501, 2007 WL 3171819, at *4 & nn. 21, 22 (N.D.N.Y. Oct. 29, 2007) (Lowe, M.J. adopted by Scullin, J.) (collecting cases); *Niles v. Nelson*, 72 F. Supp.2d 13 (N.D.N.Y. 1999) (McAvoy, J.) (holding that, when a party does not respond to a portion of the opposing party's motion, they indicate that they consent to the granting of summary judgment with respect to that portion of the motion or have abandoned the claim); *cf. Di Giovanna v. Beth Isr. Med. Ctr.*, 08-CV-2750, 2009 WL 2870880, at *10 n.108 (S.D.N.Y. Sept. 8, 2009) (citing cases for proposition that plaintiff's failure to respond to argument made in summary judgment motion as to why certain claim should be dismissed constitutes abandonment of claim).

[11]     While the Courts does not rely on this fact in reaching its decision, the Court notes that, from an exhibit in a related lawsuit (filed by Plaintiff's father), it appears that Ms. Vero was appointed representative of Plaintiff's mother's estate on August 19, 2002.  *See*

December 2004, Ms. Vero was made aware that a litigation had been commenced by Plaintiff's

father, alleging, *inter alia*, that Defendant in this action was responsible for Plaintiff's mother's

death by failing to provide warnings of the side effects of fluoxetine; however, Ms. Vero

declined to join that litigation.  (*Id.*)  Rather, on September 26, 2008, Ms. Vero made Plaintiff

the executor of his mother's estate so that he could file this action.  (*Id.* at 2-3, 9.)  On May 20,

2009, Plaintiff filed this action.  (Docket Sheet for Entry dated 05/20/2009.)[12]

Under the circumstances, the Court finds that Ms. Vero, who was decedent's mother, is

"'some other person' who was 'available to act' as administrator and commence this action

during the plaintiff's infancy . . . ."  *McDonald*, 565 N.Y.S.2d at 696 (finding that decedent's

mother's "failure to apply for letters of administration and commence this action permitted the

expiration of the statute of limitations"); *see also*, *supra*, Part II.B. of this Decision and Order

(citing cases).  As a result, regardless of Plaintiff's status as an infant at the time of his mother's

death, the limitations period governing the claims asserted in this action began to accrue on

March 16, 2002, and expired on March 16, 2004.

---

*Sorrentino v. Barr Labbs, Inc.*, 05-CV-6144, Ex. 2C to Def.'s Motion for Summary Judgment
(W.D.N.Y. filed June 22, 2005) (attaching document entitled "Letters on Appointment of
Fiduciary").

[12]      Although Plaintiff's Complaint was notarized as having been sent to the Court on
May 18, 2009, the Court did not receive the Complaint until May 20, 2009.  Thus, Plaintiff's
Complaint was filed on May 20, 2009.  *See Toliver v. Sullivan County*, 841 F.2d 41, 42 (2d Cir.
1988) (holding that a *pro se* plaintiff's complaint should be considered filed at the time that it is
delivered to the Pro Se Office along with an application to proceed *in forma pauperis*, "[a]t least
where in forma pauperis relief is granted"); *Celestine v. Gold Crest Care Center*, 495 F. Supp.2d
428, 432-33 & n.4 (S.D.N.Y. 2007) (characterizing the *Toliver* decision as holding that a
complaint received by the Pro Se Office along with a request to proceed *in forma pauperis*, if
received in a timely manner as defined by the substantive statute, will equitably toll the statute of
limitations, but that the complaint is not considered "filed" until it is received by the Clerk of the
Court); *cf. Dzaba v. Blyth Eastman Paine Webber*, 84-CV-3711, 1985 WL 199, at *2 (S.D.N.Y.
Jan. 17, 1985) ("A complaint tendered IFP cannot technically be 'filed' until either leave to
proceed IFP has been granted or the plaintiff has remitted the filing fee.").

Finally, a few words are appropriate regarding the nature of the dismissal in this action. Generally, when a district court dismisses a *pro se* action *sua sponte*, the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile. As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993) (citations omitted).[13]

It should be noted that this rule applies even to *pro se* plaintiffs. *See, e.g., Cuoco*, 222 F.3d at 103; *Brown*, 1997 WL 599355 at *1. As explained above in Part II.A. of this Decision and Order, while the special leniency afforded to *pro se* civil rights litigants somewhat loosens

---

[13]    *Accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.") (citation omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial not abuse of discretion where amendment would be futile); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.") (citation omitted); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (citation omitted); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990) ("[W]here . . . there is no merit in the proposed amendments, leave to amend should be denied"). The Court notes that two Second Circuit cases exist reciting the standard as being that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Gomez v. USAA Federal Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The problem with these cases is that their "rule out any possibility, however likely it might be" standard is rooted in the "unless it appears beyond doubt" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), which was "retire[d]" by the Supreme Court in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). *See Gomez v. USAA Federal Sav. Bank*, 171 F.3d 794, 796 (relying on *Branum v. Clark*, 927 F.2d 698, 705 [2d Cir. 1991], which relied on *Conley v. Gibson*, 355 U.S. 41, 45-46 [1957]). Thus, this standard does not appear to be an accurate recitation of the governing law.

the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12; rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow.

Here, the Court finds that the above-described defect in Plaintiff's Complaint is substantive in nature, such that better pleading would not cure it.  For this reason, Plaintiff's Complaint is dismissed without prior leave to amend.

**ACCORDINGLY,** it is

**ORDERED** that Defendant's motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 12) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.  The clerk is directed to enter judgment in favor of the defendant.

Dated: May 20, 2010
     Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge